United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2006

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

№ 05-51549
Summary Calendar

_____

MARIA JUANA GOINS,
ALSO KNOWN AS JUANY GOINS;
MARIA E. DE LA CRUZ;
LYDIA M. SALDANA;
CAROLINA RIOJAS-SALDANA,
ALSO KNOWN AS CARRIE RIOJAS-SALDANA,

Plaintiffs-Appellees,

VERSUS

RYAN'S FAMILY STEAKHOUSES, INC.; ET AL.,

Defendants,

RYAN'S FAMILY STEAKHOUSES, INC., AND CURTIS DICKEY,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Western District of Texas
№ 1:05-CV-46

_____

Before SMITH, GARZA, and PRADO,
    Circuit Judges.

PER CURIAM:[*]

This case concerns a "triangular" arbitration arrangement involving defendant Ryan's Family Steakhouses, Inc. ("Ryan's"), plaintiff employees, and Employment Dispute Services, Inc. ("EDSI"), a third-party provider of alternative dispute resolution services. Ryan's appeals the denial of its motion to compel arbitration and stay litigation of plaintiffs' claims for race discrimination and sexual harassment under title VII. We affirm because the arbitration agreement between the plaintiffs and EDSI lacks adequate consideration.

## I.

All Ryan's employees must sign a Job Application Agreement to Arbitration of Employment-Related Disputes, which provides that employees waive their right to judicial determination of any employment-related claim arising under federal or state law in exchange for an unbiased arbitration forum provided by EDSI. EDSI and Ryan's' employees are the only parties to these agreements; Ryan's and its agents are merely third-party beneficiaries.

The agreement provides that the employee "must use the EDSI forum for any and all employment-related disputes and/or claims and/or related tort claims [he] may have against [Ryan's] . . . which could otherwise be brought in court." EDSI, in turn, agrees to provide "an *unbiased* arbitration forum, impartial Rules and Procedures, and a fair hear-

ing and decision based on [his] claim or dispute." The agreement stipulates that the employee "[has] been given a copy of full EDSI Rules and Procedures," which give precise details on the nature of the proceedings provided by EDSI. Although the agreement gives EDSI the right to "amend the applicable Rules and Procedures from time to time, at its discretion," it also provides that the employee may choose whether a particular dispute will be governed by the Rules in effect at the time the agreement was signed or at the time the claim was filed.

The agreement notes, in the preamble, that "[y]our potential Employer ("signatory company" or "Company") has entered into an agreement with [EDSI] to arbitrate and resolve any and all employment-related disputes between the Company's employees (and job applicants) and the Company under EDSI's program." It further provides that "the Company agree[s] to use EDSI to resolve legal claims concerning [the employee] that either party would otherwise bring in state or federal court." It specifies, however, that "this agreement is with EDSI, not with the Company," and states that the contract is "a 'selection of forum' agreement by which you [i.e., the employee] agree" to submit all employment-related claims to arbitration.

The aforementioned agreement between Ryan's and EDSI comprises the second side of the arbitral triangle; it requires EDSI, in exchange for a fee, to "administer and provide access to the EDSI alternative dispute resolution procedures and forum for all Company job applicants, employees, and the Company itself, as provided in the EDSI Rules and Procedures;" but unlike the agreement between the employee and EDSI, it does not require Ryan's to submit to arbitration. *Walker v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Ryan's Family Steak Houses, Inc.*, 400 F.3d 370, 380 (6th Cir. 2005). Ryan's also can cancel its contract with EDSI at any time with ten days' written notice. *See id.* at 375. Ryan's, as a third-party beneficiary, now seeks to enforce , as a third-party beneficiary, the contract between its employees and EDSI to arbitrate claims brought against Ryan's under title VII.

## II.

We have jurisdiction, under 9 U.S.C. §§ 16(a)(1)(A) and (B), to review the denial of a petition to stay litigation and compel arbitration The Federal Arbitration Act ("FAA") creates a "liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). When construing an arbitration agreement, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id.* at 24-25. Parties are free to make federal statutory claims the subject of an arbitration agreement. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991).

The FAA also provides, however, that arbitration agreements are subject to defenses that are generally applicable to contracts under state law.[1] Under Texas law, a contract must be supported by consideration—that is, "a present exchange bargained for in return for a promise"—which may take the form of "a benefit to the promisor or a detriment to the promisee." *Roark v. Stallworth Oil & Gas*, 813 S.W.2d 492, 496 (Tex. 1991). Although courts generally will not inquire into the adequacy of consideration,[2] "[w]hen illusory promises are all that support a purported bilateral contract, there is no contract." *Light v. Centel Cellular Co.*, 883 S.W.2d 642, 645 (Tex. 1994).

## III.

In a typical arbitration contract, where both parties mutually agree to submit to an arbitral forum to resolve claims arising between them, it is easy to see that consideration exists.[3] The problem arises because of the peculiar nature of this arrangement, where the employer and employee entered into separate agreements with a third-party arbitrator.

The circuits that have previously considered this arrangement found it unenforceable, citing two critical defects. First, because EDSI initially could alter the rules governing proceedings at its pleasure, without consent from the employee, its promise to provide a

---

[1] *See* 9 U.S.C. § 2 (stating that an arbitration contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract"); *Iberia Credit Bureau, Inc. v. Cingular Wireless LLC*, 379 F.3d 159, 166 (5th Cir. 2004) ("[A]s a matter of federal law, arbitration agreements and clauses are to be enforced unless they are invalid under (continued...)

[1] (...continued)
principles of state law that govern all contracts.").

[2] *See Nolan v. Young*, 220 S.W. 154, 156 (Tex. 1920) ("It is not necessary that the consideration be adequate in point of actual value. The slightest consideration, in the absence of fraud, is sufficient to make the most important agreement binding.").

[3] *See J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 228 (Tex. 2003) ("[M]utual promises to submit all employment disputes to arbitration constituted sufficient consideration, because both parties were bound to the promises to arbitrate.").

neutral arbitral forum was "fatally indefinite." *Floss v. Ryan's Family Steak Houses, Inc.*, 211 F.3d 306, 315 (6th Cir. 2000).[4] EDSI has since cured this defect, modifying its contract to allow the employee to choose whether the rules in effect at signing or the modified rules will govern his dispute.

Second, the Ryan's/EDSI contract does not contain any requirement that Ryan's submit to arbitration. *Walker*, 400 F.3d at 380. In fact, Ryan's ability to withdraw from its contract with EDSI after ten days' written notice suggests it retains the ability to avoid arbitration of any claim. The language in the employee/EDSI agreement that suggests that Ryan's would be bound to submit to the EDSI forum is, therefore, a misrepresentation.[5] Because Ryan's has not yet cured this defect, EDSI cannot guarantee that Ryan's will submit to arbitration, so its promise to supply a neutral arbitral forum to Ryan's employees is illusory, and the contract cannot be enforced.

Critical to our decision is Ryan's apparent concession in its brief that the "statement in the preamble [of the employee/EDSI contract] is technically rendered a misrepresentation" because Ryan's "could theoretically invoke the ten day cancellation provision in the underlying EDSI-Ryan's contract." Ryan's does not contest this factual finding, but rather insists the employee/EDSI contract is still enforceable because "there was absolutely no evidence in the Record that Ryan's has ever sought to be relieved of its obligation to arbitrate any case,

much less this one."

But, when construing a contract, "[i]n the usual case, the instrument alone will be deemed to express the intention of the parties for it is objective, not subjective, intent that controls." *Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518 (Tex. 1968). It is plain from the face of the employee/EDSI contract that Ryan's is not bound by its terms and that the contract merely requires the employee to bring claims in a particular forum. Therefore, Ryan's private assurance that it will submit to arbitration in every case cannot supply the defect in the language of the contract.[6]

Finally, Ryan's contends that it provided employees with adequate consideration by agreeing to consider their applications for employment. The Seventh Circuit in *Penn*, 269 F.3d at 760, rejected the proposition that "a benefit received from a third party, as opposed to a benefit received from the other contracting party in a contemporaneous document, can be sufficient to create mutuality." Indeed, where two promises do not relate to the same subject matter, and where they are

---

[4] *See also Penn v. Ryan's Family Steak Houses*, 269 F.3d 753, 759-60 (7th Cir. 2001).

[5] *See In re McKinney*, 167 S.W.3d 833, 835 (Tex. 2005) (noting that fraud, misrepresentation, or deceit may void a contract).

[6] Ryan's invokes the same principle of contract interpretation to argue that we cannot look to the Ryan's/EDSI agreement to determine whether the employee/EDSI agreement is enforceable. *See Hill v. PeopleSoft USA, Inc.*, 412 F.3d 540, 544 (4th Cir. 2005) (concluding that district court erred by finding arbitration contract unenforceable based on an internal company policy located outside the "four corners" of the agreement). The Ryan's/EDSI contract, however, merely confirms our suspicion that EDSI did not provide the employees with adequate consideration. The text of the employee/EDSI contract plainly provides that "this agreement is with EDSI, not with the Company;" therefore, Ryan's is not bound by its terms.

contained in two non-contemporaneous documents, we have insufficient evidence to conclude that "[t]he detriment . . . induce[d] the making of the promise, and the promise . . . induce[d] the incurring of the detriment." *Roark*, 813 S.W.2d at 496. Therefore, there is no "*present* exchange bargained for in return for a promise." *Id.* (emphasis added).

In summary, we agree with the reasoning of the district court and AFFIRM the denial of the motion to compel arbitration and stay proceedings.