Angel A. TASSIN,

v.

RYAN'S FAMILY STEAKHOUSE, INC.

Civil Action No. 05–363–FJP–CN.

United States District Court, M.D. Louisiana.

Aug. 28, 2007.

Donna Unkel Grodner, Charlotte McDaniel McGehee, Grodner and Associates, APLC, Baton Rouge, LA, for Angel A. Tassin.

Karleen Joseph Green, Phelps Dunbar, Baton Rouge, LA, James T. Hedgepeth, Nexsen Pruet, LLC, Greenville, SC, for Ryan's Family Steakhouse, Inc.

### RULING

POLOZOLA, District Judge.

The sole issue before the Court in this matter is what effect, if any, the Court should give to the Adjudication Panel Decision ("panel decision") filed into the record on February 27, 2007.[1] Plaintiff contends the Court should give no effect to the decision[2] while the defendant argues to the contrary.[3]

Finding the panel decision dispositive of this matter, the Court affirms the decision of the Adjudication Panel ("panel") and dismisses the claims of the plaintiff with prejudice.

1. Rec. Doc. No. 10.

2. Rec. Doc. No. 19.

3. Rec. Doc. No. 23.

4. Rec. Doc. No. 4.

5. Rec. Doc. No. 6.

## I. Facts and Procedural History

In May, 2005, Angela A. Tassin ("Tassin" or "plaintiff") filed this suit against Ryan's Family Steakhouse, Inc. ("Ryan's" or "defendant") asserting various state and federal law claims. The plaintiff alleged she was the victim of sexual harassment and gender discrimination while she was employed by the defendant. In response to plaintiff's suit, the defendant filed a motion to compel arbitration[4] pursuant to an arbitration agreement entered into between the plaintiff and Employment Dispute Services, Inc. ("EDSI") at the on-set of the plaintiff's employment. EDSI served as the defendant's vendor of alternative dispute resolution services. The arbitration agreement ("EDSI agreement") compelled the plaintiff to enter arbitration for "any employment-related dispute" arising from her employment with the defendant.

The plaintiff, arguing that the arbitration clause was invalid, opposed the motion to compel arbitration. In support of her argument that the EDSI agreement was invalid, the plaintiff contended the EDSI agreement was unconscionable and lacked consideration.[5] On August 8, 2005, this Court found the agreement to be binding on the parties under Louisiana and federal law and ordered the parties to submit to arbitration.[6]

The parties proceeded to arbitrate the plaintiff's claim pursuant to the Court's August 8, 2005, order. During the arbitration proceedings, the Fifth Circuit issued an unpublished opinion in *Goins v. Ryan's Steakhouse, Inc. ("Goins").*[7] In *Goins*, the

6. Rec. Doc. No. 7.

7. 05–51549 (5th Cir.2006), 181 Fed.Appx. 435 (2006 WL 1440687). As the record will reflect, the Court was and continues to be concerned that counsel for the defendant, whose firm was also counsel of record in the *Goins* case, did not bring the *Goins* decision to the

Fifth Circuit held the EDSI agreement was invalid under Texas law because the agreement lacked consideration.[8] As a result, the Fifth Circuit affirmed a district court's decision to deny Ryan's motion to compel arbitration based on an EDSI agreement.[9]

After the adjudication panel in this case rendered its decision denying Tassin's claims, the panel decision was filed into the record.[10] Plaintiff then filed a memorandum urging the Court to give no effect to the panel decision.[11] In response to plaintiff's memorandum, the defendant urged the Court to affirm the panel decision.[12] After considering the record in this case and in light of the *Goins* decision, the Court ordered oral argument[13] and additional briefing[14] on what effect, if any, the Court should give to the panel decision based on the *Goins* decision. For the reasons set forth below, the Court is compelled to uphold the panel decision and dismiss plaintiff's claims based upon the panel decision.

## II. Law and Analysis

■■■ The law gives great deference to awards by arbitration panels, as the review of awards is "exceedingly deferential."[15]

"A reviewing court examining whether arbitrators exceeded their powers must resolve all doubts in favor of arbitration."[16] A district court's review of an arbitration award is guided by the Federal Arbitration Act ("FAA").[17]

Under the FAA, there exists only four statutory grounds for vacating an arbitration award.[18] In addition to the statutory grounds of the FAA, the Fifth Circuit recognizes vacating an award may be proper under two "narrow" common law exceptions: if the award was "contrary to public policy" or in "manifest disregard for the law."[19]

The plaintiff makes several arguments in support of its request for the Court to set aside the panel decision. First, plaintiff argues the panel members were not neutral but were "inherently biased" because of the manner in which they were selected and because of the composition of the panel.[20] Additionally, the plaintiff contends the defendant was in a position to exert undue influence over the arbitration; therefore, the panel decision was invalid because it was procured by undue means and the panel members allegedly ignored material evidence and refused to allow cer-

attention of the plaintiff and the Court when the decision was entered.

**8.** *Id.*

**9.** *Id.*

**10.** Rec. Doc. No. 10.

**11.** Rec. Doc. No. 19.

**12.** Rec. Doc. No. 23.

**13.** Rec. Doc. No. 27.

**14.** Rec. Doc. No. 34.

**15.** *Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 380 (5th Cir.2004). See also *American Laser Vision, P.A. v. The Laser Vision*

*Institute, L.L.C.*, 487 F.3d 255, 258 (5th Cir. 2007).

**16.** *Brook v. Peak Int'l*, 294 F.3d 668, 672 (5th Cir.2002).

**17.** *See* 9 U.S.C. § 10.

**18.** 9 U.S.C. § 10(a).

**19.** *Apache Bohai Corporation LDC v. Texaco China BV*, 480 F.3d 397, 401 (5th Cir.2007).

**20.** *Memorandum in Support of Plaintiff, The Court Should Give No Effect to the Report of Panel Decision Under the Law and Facts* ("*Plaintiff's Memorandum*"), Rec. Doc. No. 19, p. 5.

tain testimony [21] to be presented at the hearing. Thus, plaintiff argues the panel decision was in violation of the FAA [22] and in manifest disregard of the law.

Finally, based largely on the *Goins* decision, the plaintiff argues the EDSI agreement lacked consideration and the arbitration is a nullity under Louisiana law. [23] If the agreement was a nullity, plaintiff contends it is as if the parties never entered into the agreement and the panel decision would be invalid.

The Court finds that each of these arguments is without merit under the law and facts of this case.

*A.   There is no evidence of inherent bias of the panel.*

■ Plaintiff argues the Court should vacate the award because of the "inherent bias" of the panel. [24] The plaintiff contends the panel was biased because the method by which the panel members were selected and because two of the panel members either work or worked in restaurants similar to the defendant' s. [25] According to the plaintiff, this caused the panel members to be partial or corrupt in violation of the FAA. [26]

■ "The appearance of impropriety, standing alone, is insufficient" to vacate an award. [27] According to the Fifth Circuit, evident partiality "means more than a mere appearance of bias." [28] Allegations are not enough. In this case, the plaintiff failed to set forth any evidence of partiality or corruption of the panel members. Instead, the plaintiff has alluded to partiality because of the method of selecting the panel members and because some of the panel members selected work in the same industry as the defendant. According to the plaintiff, this makes the panel members more sympathetic towards the defendant's position. Under the Fifth Circuit's jurisprudence, this suggestion of bias, with nothing more, is an insufficient ground to disturb or set aside the panel decision. Because the plaintiff has failed to set forth anything other than a "mere appearance of bias," the Court cannot vacate the panel decision based upon the alleged partiality or corruption of the panel under the facts of this case.

*B.   The defendant did not exert undue influence over the panel.*

■ The plaintiff also argues that, because of the nature of the EDSI agreement and how the arbitration hearing was conducted, the defendant was in a position to exert undue influence over the panel. [29]

---

21. *Id.* at p. 13–14.

22. *See* 9 U.S.C. § 10(a)(1) & (3).

23. *Post Memorandum in Support of Motion to Vacate Arbitration Agreement ("Plaintiff's Post Argument Memorandum")*, Rec. Doc. No. 35, p. 4.

24. *Plaintiff's Memorandum*, p. 5.

25. The third panel member was an attorney and there was no suggestion of his bias. The plaintiff, however, did question his qualifications in brief. *Plaintiff's Memorandum*, p. 8. Questioning a panel member's qualifications without more is not adequate grounds to vacate an award.

26. 9 U.S.C. § 10(a)(2).

27. *Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 476 F.3d 278, 283 (5th Cir.2007), citing *Bernstein Seawell & Kove v. Bosarge*, 813 F.2d 726, 732 (5th Cir.1987).

28. *Id.*

29. *Plaintiff's Memorandum*, p. 14. As further support for this allegation, plaintiff cites the *Goins* case as evidence that the other Courts have found the EDSI agreement invalid because of the nature of Ryan's relationship with EDSI. As outlined below, the *Goins* case does not stand for the proposition that Ryan's exerted influence on the panel members.

Based on these allegations, the plaintiff argues the award was procured by corruption, fraud or undue means in violation of the FAA.[30]

■ To vacate an award because it was procured by fraud, corruption or undue means, the Fifth Circuit has determined that there must be some nexus between a party's improper conduct and the award.[31] In other words, the party seeking vacatur must show the other party's improper conduct led to the award. In this case, the plaintiff has not even made such an allegation, nor has the Court found any facts to support such an allegation after independently reviewing the record. Plaintiff's claim fails to rise to the standard required by the Fifth Circuit because there is no evidence of a nexus between the defendant's alleged conduct and the panel decision. Plaintiff's conclusory allegations are insufficient to vacate the panel decision on these grounds.

### C. The panel decision did not manifestly disregard the law and did not refuse to hear pertinent or material evidence.

■ Under the FAA, an award may be vacated when an arbitration panel refuses "to hear evidence pertinent and material to the controversy."[32] In addition to the grounds outlined in the FAA, a district court may vacate an award if the award was made with "manifest disregard for the law."[33] Plaintiff argues the panel decision is invalid because the panel ignored evidence and was in manifest disregard of the law, citing both the *Goins* decision and the plaintiff's contention that the panel ignored evidence.[34]

A panel decision should be vacated when the panel refuses to hear evidence pertinent and material to the controversy.[35] In this matter, the plaintiff does not allege that the panel refused to **hear** testimony, but instead argues the credibility assessments made by the panel were incorrect.[36] The Court is not in a position to question the credibility assessments made by the panel. In fact, the opposite is true: the Court "must 'defer to the arbitrator's decision when possible.'"[37] Plaintiff fails to set forth any evidence to establish that the panel members refused to hear pertinent or material information. Therefore, plaintiff's argument based on this contention is without merit.

■ Plaintiff also argues the panel decision was without merit because it was in manifest disregard of the law, arguing that the panel decision was "arbitrary and capricious."[38] Under clearly established jurisprudence in the Fifth Circuit, the parties are bound by an award not "in manifest disregard of the law."[39] Manifest disregard "clearly means more than error

---

**30.** 9 U.S.C. § 10(a)(1). The plaintiff does not specifically mention this statute but is apparently arguing for vacatur on this ground. *Plaintiff's Memorandum*, p. 14.

**31.** *Forsythe International, S.A. v. Gibbs Oil Co. of Texas*, 915 F.2d 1017, 1022 (5th Cir. 1990).

**32.** 9 U.S.C. § 10(a)(3).

**33.** *Apache*, 480 F.3d at 401.

**34.** *Plaintiff's Memorandum*, p. 14.

**35.** 9 U.S.C. § 10(a)(3).

**36.** *Plaintiff's Memorandum*, pp. 14–17.

**37.** *American Laser Vision, P.A.*, 487 F.3d at 258, citing *Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.*, 138 F.3d 160, 164–65 (5th Cir.1998).

**38.** *Plaintiff's Memorandum*, p. 20.

**39.** *Apache*, 480 F.3d at 405, citing *First Options, Inc. v. Kaplan*, 514 U.S. 938, 942, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995).

or misunderstanding with respect to the law." [40] The Fifth Circuit in *Brabham v. A.G. Edwards & Sons, Inc.*, held that the award must manifestly disregard the law; it cannot be simply arbitrary and capricious.[41]

■ The manifest disregard analysis requires two steps.[42] First, "the error must have been obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator." [43] "The term 'disregard' implies that the arbitrator appreciates the existence of a clearly governing principle but decides to ignore or pay no attention to it. For the second step, 'before an arbitrator's award can be vacated, the court must find that the award resulted in a significant injustice.' " [44]

Under this standard, even in light of *Goins*, it is clear to the Court the panel did not manifestly disregard the law.

D. *The EDSI agreement did not lack consideration under Louisiana law.*

■ Finally, the plaintiff argues that because the EDSI agreement lacked consideration, the agreement between the parties was a nullity. Since the agreement was a nullity, plaintiff contends the agreement was not binding on her.[45] This argument is nearly identical to the argument plaintiff presented and the Court rejected when arbitration was initially compelled by the Court.[46] The plaintiff's original argument is again renewed in her post arbitration memorandum and plaintiff claims it is now supported by the *Goins* decision. As outlined below, the Court finds that the *Goins* decision is inapplicable under the law and facts of this case and the reasons initially set forth by the Court in its earlier ruling compelling arbitration are still accurate. Therefore, the plaintiff's argument that the arbitration agreement was invalid is without merit and not supported by the evidence in this case.

As noted during oral argument in the matter, the Court is not aware of what legal ground the plaintiff's argument provides for vacating the award. The plaintiff is essentially asking the Court to reconsider its order compelling arbitration, and the Court is unaware of any grounds which would allow the Court to vacate the award under the legal standard set forth by the Fifth Circuit. As outlined above, arbitration awards are only to be vacated on very narrow grounds. None of the plaintiff's arguments provide the Court with statutory or jurisprudential grounds for vacating the award under the facts of this case.

Besides not providing a legal ground for vacatur, the plaintiff's argument that the EDSI agreement lacked consideration is without merit under Louisiana law. The plaintiff relies largely on the *Goins* decision in arguing the agreement was without consideration. In *Goins*, a group of plain-

**40.** *Id.,* citing *Prestige Ford v. Ford Dealer Computer Servs., Inc.,* 324 F.3d 391, 395 (5th Cir.2003).

**41.** 376 F.3d 377, 380. In *Brabham,* the Fifth Circuit rejected the arbitrary and capricious standard as grounds for overturning awards. The plaintiff's statement that the "arbitrary and capricious disregard of what constitutes sexual harassment/hostile work environment is an accepted non-statutory grounds for vacatur" is simply incorrect. See *Plaintiff's Memorandum* at p. 20.

**42.** *Apache,* 480 F.3d at 405.

**43.** *Id.,* citing *Kergosien v. Ocean Energy, Inc.,* 390 F.3d 346, 355 (5th Cir.2004).

**44.** *Id.,* citing *Kergosien,* 390 F.3d at 355.

**45.** *Plaintiff's Post Argument Memorandum,* Rec. Doc. No. 35.

**46.** *See* Rec. Doc. No. 7.

tiffs sought recovery for sexual harassment and racial discrimination. The Fifth Circuit upheld a district court's determination that the EDSI agreement was invalid *under Texas law.*[47] The Fifth Circuit reasoned the "triangular" arbitration agreement entered into between the employees and EDSI lacked adequate consideration under Texas law.[48]

The plaintiff's argument that *Goins* is applicable fails for two reasons.[49] First, the *Goins* decision was unpublished. As such, pursuant to Fifth Circuit Rule 47.5.4, the case is not precedent except in limited circumstances which are not applicable here. Second, and more important, the *Goins* decision applied Texas law and this Court does not believe a Louisiana court would reach the same conclusion. In *Stadtlander v. Ryan's Family Steakhouses, Inc.,*[50] the Louisiana Second Circuit Court of Appeal held the EDSI agreement

in question to be valid and enforceable under Louisiana law. For the reasons set forth in *Stadtlander* and those outlined in the Court's initial ruling compelling arbitration, this Court finds that the agreement between the parties to arbitrate the plaintiff's claims is valid and enforceable under Louisiana law and the facts of this case.

## III. Conclusion

For the reasons outlined above, the Adjudication Panel Decision is affirmed. IT IS ORDERED that the plaintiff's claims be dismissed with prejudice.

Judgment shall be entered accordingly.

---

**47.** 181 Fed.Appx. 435.

**48.** *Id.* The Fifth Circuit determined the contract between the employees and EDSI lacked consideration because the contract between Ryan's and EDSI did not require Ryan's to submit to arbitration. Because EDSI could not guarantee Ryan's would submit to arbitration, EDSI's promise to supply a neutral arbitral forum to the employees was illusory. The contract compelling the employees to arbitrate, therefore, could not be enforced. *Id.*

**49.** In refusing to follow the *Goins* decision, this Court is aware of and respects its obligation to follow precedent set forth by the Fifth Circuit. However, as noted above, there is a clear distinction between this case and the facts in the *Goins* case. Since *Goins* was not a published opinion and because Louisiana law and not Texas law must be applied in this case, *Goins* is not binding on this Court.

**50.** 34,384 (La.App. 2 Cir. 4/4/01), 794 So.2d 881, *writ denied,* 01–1327 (La.6/22/01), 794 So.2d 790. *(Stadtlander* is superseded by LSA–C.C.P. art.2083 and on other grounds which pertain to when an appeal of an interlocutory ruling may be taken as stated in *Arkel Constructors, Inc. v. Duplantier & Meric,*

*Architects, L.L.C.,* 965 So.2d 455, 2007 WL 2120226, 2006–1950 (La.App. 1 Cir 7/25/07).) In fact, the Court in *Arkel* ordered arbitration and reversed the trial court. The First Circuit noted:

> The positive law of Louisiana favors arbitration, and any doubt concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Aguillard [v. Auction Management Corp.],* 04–2804 at p. 6, 908 So.2d [1] at 7 [(La.2005)]. Such favorable treatment echoes the Federal Arbitration Act (FAA), 9 U.S.C. § 1, *et seq.,* which unquestionably embodies a liberal federal policy favoring arbitration agreements. *Id.* at p. 7, 908 So.2d at 7–8. One of the basic reasons for the existence of arbitration agreements is to allow the parties to achieve speedy settlement of their differences out of court. This purpose would be thwarted if, before being required to perform under the arbitration agreement, parties were permitted to litigate in order to secure an initial judicial determination (preliminary to arbitration) that procedural formalities of the agreement have been complied with. *Bartley, Incorporated v. Jefferson Parish School Board,* 302 So.2d 280, 283 (La.1974).